# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM STIPANOVICH, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 18-1380 |
| v. | ) |
| | ) |
| MAYOR PEDUTO, BRUCE KRAUS, | ) |
| *City Councilman*, ZONE 3 POLICE | ) |
| STATION, and OMI OFFICE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff William Stipanovich ("plaintiff"), *pro se*, filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," (ECF No. 1), with an attached complaint naming as defendants in the caption and under section 1.B of the complaint "Mayor Peduto, Bruce Kraus, Zone 3 Police Station, and OMI Office," ("defendants'). (ECF No. 4 at 1-3).

This court granted plaintiff leave to proceed *in forma pauperis* based upon his showing of indigence. Gray v. Martinez, 352 F. App'x 656, 658 (3d Cir. 2009) (indicating that in "this Circuit, . . . if [the court] is convinced that [plaintiff] is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis* . . . [and] thereafter considers the separate question whether the complaint should be dismissed."). Pursuant to 28 U.S.C. § 1915(e), prior to ordering service of the complaint without payment of the filing fee, however, the court must dismiss the case if it determines that the action is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). Roman v. Jeffes, 904 F.2d 192, 195 (3d Cir. 1990) ("[T]he appropriate time

1

to make a decision to dismiss a case pursuant to § 1915 is before service of a complaint.").
Additionally, under Federal Rule of Civil Procedure 12(h)(3), "[i[f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915, is to assure equal and meaningful access to the courts for indigent litigants. Neitzke v. Williams, 490 U.S. 319, 324, 329 (1989). Congress also provided in the *in forma pauperis* statute for dismissal of complaints under certain circumstances in order to "prevent abusive or captious litigation" that could result because a plaintiff proceeding *in forma pauperis* does not have the economic incentive ordinarily created by otherwise required filing fees and costs to refrain from filing frivolous, malicious or repetitive lawsuits. Neitzke, 490 U.S. at 324.

A complaint filed pursuant to the *in forma pauperis* statute is subject to preservice dismissal under § 1915(e)(2)(B)(i)[1] where it is based upon indisputably meritless legal theory or factual assertions that are clearly baseless. Neitzke, 490 U.S. at 327. In determining whether the factual assertions are clearly baseless, and the complaint therefore is frivolous, the court may pierce the veil of the complaint and need not accept its allegations as true. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Examples of baseless claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328. Additionally, as provided for expressly by § 1915(e)(2)(ii), the court must dismiss the complaint preservice if it fails to state a claim on which relief can be granted, applying the same standard for dismissing a claim under Federal Rule of Civil Procedure

---

[1] Section 1915(e)(2)(B) was formerly codified at § 1915(d).

12(b)(6). Scheib v. Butcher, Civ. Act. No. 14-cv-1247, 2014 WL 4851902, at * 1 (W.D. Pa. Sept. 25, 2014).

Plaintiff indicates he brings a civil rights action under the First Amendment against defendants, (ECF No. 4, § 2.A), stating as the sole allegations that "they don't care & shut up listen to me or else," id. at 5, and seeking "$10 million" in damages. Id.

Upon review of the complaint, and giving it the most liberal construction, Erickson v. Pardus, 551 U.S. 89 (2007), the court determines it is legally frivolous under § 1915(e)(2)(B)(i) because it is based upon an indisputably meritless legal theory, Neitzke, 490 U.S. at 327, and it also fails to state a claim. The United States Supreme Court explained in Smith v. Arkansas State Highway Employees, Local 1315, 441 U.S. 463 (1979), that "the First Amendment does not impose any affirmative obligation on the government to listen." 441 U.S. at 465; Kerchner v. Obama, 612 F.3d 204, 209 (3d Cir. 2010) (finding appeal frivolous, observing that First Amendment claim was meritless because the right to petition does not require the government to listen, and ordering counsel to show cause why he should not pay just damages and costs for frivolous appeal). There also are no allegations by plaintiff sufficient to show, or even at all, that the defendants took any action that caused him constitutional harm for which he seeks relief.

Based on the foregoing, the court will dismiss the complaint as frivolous and for failure to state a claim. Ordinarily, upon dismissing a complaint a court must grant plaintiff the opportunity to amend, if amendment can cure the deficiencies in the complaint. Where, however, amendment cannot cure the deficiencies, such as where the complaint is frivolous under § 1915(e)(2)(B)(i), the court may dismiss the complaint with prejudice without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals

of frivolous claims do not require leave to amend."). Accordingly, the court will dismiss the complaint without leave to amend.

An appropriate order follows.

Dated: October 30, 2018

By the court,

s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

cc: William Stipanovich, *pro se*
918 Climax Street
Pittsburgh, PA 15210